MAYOR AND ALDERMEN OF THE CITY OF VICKSBURG *v.* G. L. RECORD.

**Supreme Court Practice — New Trial — Presumption in Favor of Correctness of Judgment of Lower Court.**

> The city of Vicksburg contended that a certain street was forty-five feet in width; appellee contended that it was thirty feet in width. The original plat of the subdivision containing this street made by Pinckard was never recorded, but a subsequent plat made by one Williams, and certified to by Pinckard, was filed for record, and on this plat the width of the contested street is given in writing as thirty feet. The other evidence was conflicting. *Held,* that if the plat was not competent evidence the judgment of the circuit judge was not shown to be clearly wrong on the other facts of record.[1]

The mayor and board of aldermen of the city of Vicksburg sued George L. Record for a strip of land twelve feet eleven inches wide at the west end, and thirteen feet seven inches wide at the east end, alleged to be a part of Veto street, within appellee's enclosure, on the North end of square 7 of that part of the city of Vicksburg known as "Pinckardia."

Appellant claimed that Veto street was forty-five feet wide, while appellee alleged it to be thirty feet in width. On January 23, 1834, one Pinckard purchased that tract of land west of Washington street in the city of Vicksburg and south of the then southern boundary of said city, and on April 14, 1835, he pur-

---

[1] The action of the court below is presumed correct, unless error is made manifest by the record. Byrd's Case, 1 How. 162.

This rule is of universal application with reference to courts of general jurisdiction, and recognized in every other court; and there can be no reversal unless the record show error affirmatively. Grant *v.* Planter's Bank, 4 How. 326; Harris *v.* Newman, 5 How. 654; Briggs *v.* Clark, 7 How. 457; Abbott *v.* Hackman, 2 S. & M. 510; Ross *v.* Mims, 7 S. & M. 121; Green *v.* Creighton, 7 S. & M. 197; Long *v.* Shackleford, 3 Cush. 559; Steadman *v.* Holman, 33 Miss. 550; Pass *v.* McRea, 36 Miss. 143; Gale *v.* Lancaster, 44 Miss. 413.

The appellant or plaintiff in error must show clearly and affirmatively that there is error in the record, or the judgment will be affirmed. Fox *v.* Matthews, 33 Miss. 433.

He must put his finger on the error, as every presumption is to be indulged in favor of the judgment. Green *v.* Creighton, 7 S. & M. 197; Cox *v.* Cox, 8 S. & M. 292; Balfour *v.* Mitchell, 12 S. & M. 629; Ferriday *v.* Selser, 4 How. 506.

chased a certain tract east of Washington street and south of
said boundary, which latter tract included appellee's property.
There was no dispute about the dedication of Veto street, but
the controversy was as to the width of said street.    Appellee
claimed that if Veto street were forty-five feet wide west of
Washington street, it did not follow that it was of the same width
east of same, because, he alleged, Pinckard purchased the first
tract more than a year before he acquired the second, laid it out
into lots and streets, and sold parts thereof, and based this con-
tention on a deed made by Pinckard on March 31, 1835, which
made mention of a town laid out by him.

The testimony of appellant showed that Pinckard executed a
deed to one Gillmore conveying square 8 of " Pinckardia," leav-
ing a space of forty-five feet between said square and Gordon
square; and that Veto street had always been regarded as being
forty-five feet wide at that place by the Vicksburg & Meridian
Railroad, which had owned said square 8 for a great many years.
Further testimony of appellant showed that Depot street crossed
Washington street at right angles, and that the distance from
the northwest corner of Depot street and Washington street to
the northeast corner of said square 8 was just 295 feet, which left
Veto street forty-five feet wide; and that a line projected east-
ward from that point parallel with the north line of Veto street,
which was a section line about which there was no dispute, would
make Veto street north of appellee's property forty-five feet wide,

---

The judgment of an inferior court is presumed correct in the high court,
unless the record shows the contrary.  Lee v. Bennett, 31 Miss. 119; Cason v.
Cason, 31 Miss. 578.

This presumption exists wherever there is a possible state of facts which
would justify the judgment.  Duncan v. McNeill, 31 Miss. 704.

In a civil case, where there is such a conflict of evidence that the mind
cannot repose with entire confidence upon a conclusion in favor of either
party, a verdict will not be disturbed in this court, no error of law having
intervened.  Bank v. Moss, 63 Miss. 74.

A finding on controverted facts, though it may be unsatisfactory, will not
be disturbed, if it cannot be said that there is no evidence to support it.  Rail-
road Co. v. Doggett, 67 Miss. 250, 7 So. 278.

A verdict will not be disturbed unless it is manifest from the whole record
that it is clearly wrong, or unless misdirection or other apparent error may
have produced it.  McAlexander v. Puryear, 48 Miss. 420; Buckingham v.
Walker, 48 Miss. 609.

A verdict on conflicting evidence and supported by competent evidence is
conclusive.  Goodwin v. Mitchell, 38 So. 657.

and would leave the strip of street sued for within appellee's enclosure.

There was much testimony on both sides (a reference to brief of counsel giving sufficient information of the respective contentions), when the court found the issue in favor of defendant, whereupon plaintiff appealed to the Supreme Court.

Appealed from, Circuit Court, Warren county, Warren Cowan, Judge.

Affirmed, November 15, 1886.

*Attorneys for appellant, Catchings & Dabney, and Birchett & Gilland.*

*Attorneys for appellee, McCabe & Anderson.*

Brief of Catchings & Dabney:

The original plat of Pinckardia cannot be found, but the evidence of dedication is abundant.

The property known as Pinckardia appears on Winn's map of the city made many years ago, laid off into lots, squares, and streets, and it has been conveyed ever since by description based upon the platting as set out in that map.  *  *  *

It is wholly immaterial, therefore, whether Pinckard bought and platted the property west of Washington street before he bought and platted that east of Washington street or not.

However this may be, it was platted and laid out and conveyed by him, according to one scheme, and it was all called by him "Pinckardia."

The numbering of lots and squares and the running of the streets is done according to *one* scheme only.  *  *  *

If there were no other facts than these which I have commented on, it would be clear to all persons that Pinckard had dedicated Veto street to the public, and that it was to be forty-five feet wide.

The only thing to the contrary of this is a plat found on the records of Warren county.

This is clearly inadmissible as evidence. It purports to be a *part* only of the original plat of "Pinckardia." It is certified to

be a correct copy of a part of the original plat by one Williams. Who and what he was does not appear. His certificate states that Veto street is thirty feet wide, and it is to prove the width to be thirty feet that this is introduced.

But this plat is not acknowledged by Pinckard or by anybody, and was, therefore, improperly recorded.

In fact, unless the plat was accompanied by a deed, or afterward to convey an interest to the public, it could not be lawfully recorded, even if it was acknowledged.

Our statute did not provide for the record of a simple map of lots.

This thing offered in evidence, therefore, is but a copy of a copy of a part of the original plat, even taking Williams' certificate to be true.

Pinckard's affidavit is meaningless and gives no right to the clerk to record it.

If we had the copy sworn to by Pinckard, it is doubtful if it could be put in evidence, but it is certain that the record of it cannot be.

Leaving this out, there is nothing to sustain the thirty foot idea at all.


Brief of Birchett & Gilland:

* * * If Pinckard's certificate is worth anything, it proves that the Gordon and Walker squares, west of Washington street, are a part of his one plat of Pinckardia. Consequently, Veto street, being between two parallel lines, must be of equal width at every point. * * *

Pinckard laid off " Pinckardia " into lots and streets in the latter part of 1835 or the first part of 1836, for he purchased that part east of Washington street in April, 1835, and by deed dated May 30, 1836, he conveyed the property now owned by appellee, describing it by its proper lots and square, by which numbers it has always been since conveyed until it came into the possession of Brown & Johnston, who resurveyed the same.

* * * But the objection is made that Veto street was originally dedicated only thirty feet wide, and the evidence of it is said to be a plat recorded on page 154 of Book " O " of the Record of Deeds of Warren county. The plat itself does not fix the width of Veto street or any other street, but a note appended to it by the

aforesaid Williams pretends to testify to the width of the streets and the length and size of the squares, among which he recites Veto street to be thirty feet wide. The bare reading of the certificates must satisfy any candid mind that this plat was not made to fix the plat of Pinckardia, but was made by Pinckard to settle some existing dispute as to whether or not the Gordon and Walker squares were a part of Pinckardia. The plat there recorded does not purport to be the original, but a copy made by said Williams, and was made on December 30, 1839, nearly four years after Pinckardia was laid out, and appellee's property conveyed by Pinckard. · * * *

The plat offered by appellee is not the original plat of Pinckardia, and was not acknowledged by Pinckard, and was, therefore, improperly recorded, and the record thereof is incompetent evidence. Without this plat and the statement of Williams there is no excuse for contending that Veto street is less than forty-five feet wide. The two systems, Pinckardia and Vicksburg proper, cannot be properly joined together without making Veto street forty-five feet wide, as it was laid out.     *   *   *

Brief of McCabe & Anderson.

The pleadings and evidence in this case evolve for trial this single issue of fact, viz.: Whether Veto street, as originally laid out and dedicated to public use, was forty-five feet wide or not. Appellants, the mayor and aldermen of Vicksburg, who were plaintiffs in the court below, hold the affirmation of this issue, and appellee holds the negative. * * *

Now, after Pinckard bought, he caused a survey of the whole of his purchase, including the Vick plat, to be made, and a plat of the whole to be made, destroying the Vick plat, and named the survey in honor of himself, "Pinckardia," which name it bears till this day. When this plat was made, that is the precise day and year, has not been definitely ascertained. We know, however, it was made some time prior to May 30, 1836, for on that day Pinckard sold to Rappleys a part of that portion east of Washington street and described it by lots. This plat of Pinckardia was made then somewhere between the 31st day of March, 1835, and the 30th day of May, 1836, and was made at the instigation of Wm. M. Pinckard, who was at that time the owner of the property. In short, Veto street was dedicated by Pinckard

and by no one else. No one else could have done it. Now, then, the question is, did he dedicate forty-five feet wide, as the plaintiffs claim, or thirty feet, as the defendants claim?

If we had the old plat, or, to state it more accurately, the original plat, the trouble would be solved; but that plat, for some reason, was never recorded and cannot now be found. So we are compelled to resort to the next best evidence. Subsequent to the making of said plat, a plat of Pinckardia was made and recorded. It is to be found in Book "O," page 154, Record of Deeds of Warren county, and a copy of it is in the record. This plat is the only one of Pinckardia in existence. It is the plat that all the surveyors had surveyed by for the past fifty-six years. It is the plat that people have bought by; have paid taxes by; have marked their lines and corners by for two whole generations. This plat, before it was recorded, was submitted to Pinckard, and he, not satisfied with certifying to its accuracy, went before a justice of the peace, Edward R. Warren, and *swore to it*. On that plat, which has been our guide, and only guide, for ages, just above Pinckard's affidavit is the statement in writing that Veto street is thirty feet wide. Why this statement and this map did not quiet the suspicions of Polk and Dabney as to the width of that street it is impossible to conceive. * * *

OPINION.— PER CURIAM:

If it be conceded that the copy of the plat of "Pinckardia," and the description of the property by J. W. Williams therewith connected, are not competent evidence, we are unable to say that the conclusion reached by his honor, the circuit judge, is clearly or manifestly wrong on the other facts of record.

Wherefore, the judgment is *Affirmed*.